**BRIGHTWELL et al. v. FIRST NAT. BANK OF KISSIMMEE.**

No. 9846.

Circuit Court of Appeals, Fifth Circuit.

May 15, 1941.

Rehearing Denied June 2, 1941.

M. S. McGregor, of DeLand, Fla., and G. B. Fishback, of Orlando, Fla., for appellants.

George Palmer Garrett, of Orlando, Fla., and Ellis F. Davis, of Kissimmee, Fla., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

When this case was here before,[1] we said: "We do not mean to adjudge finally the general ownership of the stock, nor whether in 1938 the bank should have evidenced the assignment in pledge on its books, or in 1939 should have issued a new certificate to the executors as full owners. Confining ourselves to what was ruled on in the district court, we hold only that the plea [of the statute of limitations] which was sustained ought not to have been." In reaching our decision on that point however, we were compelled to determine whether the petition stated a cause of action and to marshal the controlling principles which guided us to that determination. We determined that it did and we sent the case back for a trial on the merits.

■ It is here again, not after such a trial, but after a ruling on summary judgment, holding that a plea that Way, the pledgor had, on March 20, 1939, assigned the certificate to pledgees and the pledgees in consideration thereof, had released him from personal liability, constituted a good defense to pledgees' suit. This will not at all do. The facts as admitted in the proceeding, show that plaintiffs were entitled to a judgment for the value of the stock converted by the bank up to the amount due it under the pledge. The theory upon which defendant prevailed below, that in trying to realize upon the pledge, by releasing the pledgor in consideration of the transfer by assignment of the certificate, of his title to the stock, when in fact he had no title, the pledgees not only failed to get the title but lost the pledge, a sort of legal now you see it and now you don't, has more of legal legerdemain than of sound principle in it. If the pledgor had had title to the stock when he assigned the certificate to the pledgees, of course there would have been a merger of the pledge in the title and the pledgees ceased to be pledgees, but this was because and only because they had become the owners. But since the pledgor did not own the pledged property, his efforts to

---

[1] 109 F.2d 271, 273.

transfer full title to it were without effect, and no merger resulted under the strictest legal view,[2] because the condition of a merger that the full title as owner and the claim as pledgee, have become united in the same person was not fulfilled here. After, as before, the attempted conveyance, plaintiffs were pledgees and only pledgees.

To say in the same breath; that the pledgor, by attempting to transfer to the pledgees a title he did not have, and the pledgees by accepting the transfer and agreeing to look, for its satisfaction, not to the debtor but to the pledged property, merged the pledge with the title, so that both were lost in the shuffle, is not only a contradiction in terms, but it is to introduce into the field of legal thinking, the eye fooling technique, where the legal hand is quicker than the legal eye.

This theory, which, because of the form the transaction took, invests the pledgees with the shadow only to deprive them of the substance of legal ownership, if it ever had support, belongs to an older day in the law, when the way a thing was done was in the eye of the law as important as, or more important than, the doing of it. In modern jurisprudence, in equity and law alike, the legal eye, in the case of mergers, is always quicker than the legal hand, to give effect to the real intention of the parties and to prevent unjust and unwarranted results.[3] It certainly is in this case.

In its brief after oral argument, appellee vigorously asserts that the equities of the case are with it; that appellant has suffered no real damage; and that its claim is not a substantial one. It also makes a good deal of the failure of Fleming, the pledgee, to make manifest on the books of the bank, that the stock was pledged and of the bank's lack of knowledge of the fact of the pledge. The fact that the bank no longer owns the stock but has sold it to others, is also put forward as an equity in favor of the bank. None of these consid-erations are relevant to the issue upon which the case was decided. None of them except the point that plaintiffs have sustained no loss by the conversion, because as pledgees they had no substantial interest in, the stock, will have relevancy on another trial. All that plaintiffs are asking of the bank is, that having succeeded to Way's title to the pledge by a sale of his interest subject thereto, the bank, up to the value of the stock, make the pledge good.

Of course, at the hearing on the merits, the burden will be upon the plaintiff to show that the conversion of the stock did cause it damage and the amount of it, and it will be open to the bank to show as it claims in this supplemental brief, that aside from the transaction of release Way owed the pledgees nothing and therefore they lost nothing by the sale of his stock.

The judgment is reversed and the cause is remanded with directions to determine plaintiff's damages, if any, and to enter judgment accordingly.

Reversed and remanded.

## On Petition for Rehearing.

PER CURIAM.

By its petition for rehearing, appellee, insisting that it has in reserve other defenses which it has not yet put forward, complains of the remand of the cause "with directions to determine plaintiff's damages, if any, and to enter judgment accordingly", as in effect the entry of a summary judgment against it, cutting off its right to further defend.

Without meaning to hold that the proposed defenses are valid but in order to give appellant an opportunity to present them, the objected to language will be stricken from the opinion and mandate and there will be inserted in lieu thereof, "For further and not inconsistent proceedings."

The motion for rehearing is denied.

[2] 19 Am.Jur. Estates, Sec. 136, Page 589.

[3] 19 Am.Jur. Sec. 137, Pages 591, 592.